# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMIE DEANNE HOLLON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| vs. ) | |
| ) | **No. 25-2133-JWL** |
| **LELAND DUDEK,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff filed a motion for leave to file this action without payment of fees, costs, or security. (Doc. 3). 28 U.S.C. § 1915(a), states:

> ...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiffs filing and finds that she has not demonstrated that she lacks the financial resources to pay the filing fee in this case.

Proceeding in forma pauperis (IFP) in a civil case is a privilege which is within the court's discretion to grant or to deny. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000). Denial, however, must not be arbitrary or

based on erroneous grounds. Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).

Plaintiff's Affidavit of Financial Status is filled out incorrectly and incompletely in several respects and, consequently does not demonstrate an inability to pay the filing fee in this case. First, Plaintiff's list of assets suggest significant income at least in the relatively recent past. She reports an automobile valued at $9,000 on which she and her spouse are making monthly payments of $350 and owe a remaining balance of $6,000. She reports a home valued at $259,000, with payments of $1,450 and a remaining debt of $137,920, and she reports $200 cash on hand.

On her affidavit, Plaintiff claims two dependents, one of whom is a minor, yet contrary to the court's privacy policy she provides the full name of both dependents, even the minor. Plaintiff reports she is currently employed and suggests she works "as able," but the spaces for net income are left blank. Plaintiff notes she has a spouse, Christopher Hollon, but the entire section regarding "Employment of spouse" has been left blank. In the final section of the affidavit, "OTHER INFORMATION PERTINENT TO FINANCIAL STATUS," Plaintiff indicates she has filed for bankruptcy in the past, but leaves blank the space for "Information regarding stocks, bonds, savings bonds, either owned individually or jointly." Although Plaintiff reports $550 monthly welfare payment (presumably food stamps) and $40 ADC or other governmental child support (presumably for her minor dependent), Plaintiff's failure to report regarding any other income or assets leaves the court unable to determine Plaintiff's need for IFP assistance.

Plaintiff is represented by counsel in this case and had counsel reviewed Plaintiff's affidavit with a critical eye, the ambiguities presented may have been clarified and Plaintiff may have demonstrated that she cannot afford to pay the filing fee in this case. The court notes that counsel's firm in this case has been cautioned on issues such as this in the past.  LaRue v. Kijakazi, Civ. A. No. 23-2023, (Doc. 5) (D. Kan. Jan. 23, 2023).

Because of the ambiguities presented, the court finds that Plaintiff has not met her burden to show that she cannot afford to pay the filing fee in this case.  Therefore, her Motion to Proceed Without Prepayment of Fees is denied.  Plaintiff must pay the filing fee in this case no later than April 18, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 3) is DENIED and that Plaintiff must pay the filing fee in this case no later than April 18, 2025.

A copy of this order shall be delivered to Plaintiff's council in the court's CM/ECF system.

Dated at Kansas City, Kansas on March 19, 2025.

 s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**